```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
       CHARLOTTE DIVISION
         3:16-cv-65-FDW
```

| | |
|---|---|
| **CHRISTOPHER OXENDINE-BEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| | ) |
| **TERRY LEMON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e); 1915A. On February 9, 2016, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 5). Thus, Plaintiff is proceeding in forma pauperis.

**I.   BACKGROUND**

Pro se Plaintiff Christopher Oxendine-Bey is a prisoner of the State of North Carolina, currently incarcerated at Scotland Correctional Institution, in Laurinburg, North Carolina. Plaintiff filed this action on February 8, 2016, pursuant to 42 U.S.C. § 1983, naming the following individuals as Defendants: (1) Terry Lemon, identified as a sergeant at Lanesboro Correctional Institution ("Lanesboro") at all relevant times; (2) Matthew Boone, identified as a sergeant at Lanesboro at all relevant times; (3) Dennis Marshall, identified as a captain at Lanesboro at all relevant times; (4) Benjamin Pettigrew, identified as an officer at Lanesboro at all relevant times;

1

and (5) David Hately, identified as an officer at Lanesboro at all relevant times.

Plaintiff alleges in the Complaint that, while he was incarcerated at Lanesboro Correctional Institution, on February 12, 2013, Defendant Lemon assaulted Plaintiff in Defendant Marshall's office, while Plaintiff was handcuffed behind his back and shackled, giving Plaintiff a concussion, a black eye, and a busted nose/lip and loose tooth. Plaintiff alleges that the remaining Defendants observed the excessive force by Defendant Lemon, but they did nothing to intervene to stop the assault. Plaintiff further alleges that he was then placed in full restraints in solitary confinement for three days, where he was denied food, water, and medical treatment, and subjected to cold temperatures and denied bathroom breaks, thus forcing him to urinate and defecate on himself. Plaintiff purports to allege an Eighth Amendment claim for excessive force against Defendant Lemon, an Eighth Amendment claim against the remaining Defendants for failure to intervene in the alleged excessive force by Lemon, and an Eighth Amendment claim against all Defendants for subjecting Plaintiff to intolerable conditions of confinement while he was held in solitary confinement after the alleged excessive force by Defendant Lemon.[1] As relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint,

---

[1] Plaintiff also appears to be bringing state law claims of assault and battery against Defendant Lemon, and a state law negligence claim against the remaining Defendants.

or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

First, as to Plaintiff's excessive force claim against Defendant Lemon, the Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has reiterated that "[a]n inmate who is gratuitously beaten

3

by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S.Ct. 1175, 1178-79 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 1178-79 (citations omitted).

Next, as to Plaintiff's claims against the remaining Defendants based on failure to intervene to stop the alleged excessive force by Defendant Lemon, law enforcement officials may be held liable in Section 1983 actions in which the officials "fail[] or refuse[] to intervene when a constitutional violation such as an unprovoked beating takes place in [their] presence." Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998); see also Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994). To succeed on a theory of what is sometimes called "bystander liability," a plaintiff must show that the defendant police officer: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act. Randall v. Prince George's Cnty., 302 F.3d 188, 204 (4th Cir. 2002).

Finally, as to Plaintiff's claim against all Defendants based on conditions of confinement,

4

in Farmer v. Brennan, the Supreme Court held that the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1992)). This is a low standard, as the Supreme Court emphasized that "[p]rison conditions may be restrictive and even harsh." Id. at 833 (internal quotations omitted). To sustain an Eighth Amendment claim, a prisoner must show (1) that the deprivation was objectively sufficiently serious—that is, the deprivation must be a "denial of the minimal civilized measure of life's necessities" and (2) that the defendant was deliberately indifferent to the prisoner's health or safety. Id. at 834 (internal quotations omitted). Thus, "[d]eliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001).

The Court finds that, taking as true Plaintiff's allegations, and construing all inferences in his favor, Plaintiff's claims against Defendants survive initial review in that they are not clearly frivolous.

**IV. CONCLUSION**

For the reasons stated herein, the Court finds that Plaintiff's claims survive initial review under 28 U.S.C. § 1915.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review as to Defendants. See 28 U.S.C. §§

5

1915(e); 1915A.

2. The Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and identify Defendants in the summonses for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. That is, in filling out each summons form, Plaintiff must attempt to identify the name of each Defendant, the position and place of employment for each Defendant, as well as each Defendant's address, to the best of Plaintiff's ability. Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon the named Defendants.

Frank D. Whitney
Chief United States District Judge